# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

FRANCISCO JAVIER MACIAS-PEREZ,

        Movant,

vs.

UNITED STATES OF AMERICA.

No. C12-2082-LRR
No. CR11-2024-LRR

**ORDER**

———————————

      This matter appears before the court on Francisco Javier Macias-Perez's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (civil docket no. 1). On November 21, 2012, Francisco Javier Macias-Perez ("the movant") filed his 28 U.S.C. § 2255 motion. On October 8, 2013, the court, among other things, directed the parties to brief the claims that the movant included in his motion pursuant to 28 U.S.C. § 2255 (civil docket no. 4).[1] On November 8, 2013, counsel filed an affidavit (civil docket no.

---

[1] The motion pursuant to 28 U.S.C. § 2255 essentially raises four claims: (1) counsel failed to pursue safety valve consideration because counsel mistakenly believed a debriefing on the conduct of others was necessary, that is, counsel failed to realize that, by accepting responsibility, the movant likely did what was necessary to be considered safety valve eligible; (2) counsel failed to recognize that, as a non-citizen and violator of the law, the movant was subject to deportation and he should have received consideration under the government's fast-track program because he was willing to waive formal deportation proceedings, that is, leave the country expeditiously and waive any argument against deportation; (3) counsel implicitly promised the movant that his sentence would be up to ten years, overlooked his implied objections, stipulated to a drug quantity that was inaccurate and unverified and permitted the movant to be held responsible for drugs that were part of a conspiracy; and (4) counsel misled the movant when he described the movant as a first time offender and spoke about 150 grams of a mixture or substance

(continued...)

6). On December 13, 2013, the government filed a resistance (civil docket no. 10). The movant did not file a reply. The court now turns to consider the movant's motion pursuant to 28 U.S.C. § 2255.

A district court is given discretion in determining whether to hold an evidentiary hearing on a motion under 28 U.S.C. § 2255. *See United States v. Oldham*, 787 F.2d 454, 457 (8th Cir. 1986). In exercising that discretion, the district court must determine whether the alleged facts, if true, entitle the movant to relief. *See Payne v. United States*, 78 F.3d 343, 347 (8th Cir. 1996). "Accordingly, [a district court may summarily dismiss a motion brought under 28 U.S.C. § 2255 without an evidentiary hearing] if (1) the . . . allegations, accepted as true, would not entitle the [movant] to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Engelen v. United States*, 68 F.3d 238, 240-41 (8th Cir. 1995) (citations omitted); *see also Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (stating that an evidentiary hearing is unnecessary where allegations, even if true, do not warrant relief or allegations cannot be accepted as true because they are contradicted by the record or lack factual evidence and rely on

---

[1](…continued)
containing a detectable amount of methamphetamine or 50 grams of actual methamphetamine, counsel did not follow up on the timely motion that the movant filed pro se and counsel should have done more than file an *Anders* brief at the appellate level. With respect to the first claim, the movant contends that the court should have considered that he was a first time offender who accepted responsibility and admitted the full extent of his involvement in the offense and maintains that his sentence is invalid because the court failed to determine whether he was subject to the mandatory minimum and mistakenly believed that there were no grounds to depart below the mandatory minimum. Concerning the third claim, the movant contends that the court should have independently evaluated the amounts that were attributed to him and he should have been held responsible for the amount he possessed. The movant believes that the quantity of drugs attributed to him as a result of the greater offense, that is, the conspiracy, violates his right to not be put in jeopardy twice. And, regarding all of his claims, the movant asserts that his sentence would be less than ten years if counsel had done more.

conclusive statements); *United States v. Hester*, 489 F.2d 48, 50 (8th Cir. 1973) (stating that no evidentiary hearing is necessary where the files and records of the case demonstrate that relief is unavailable or where the motion is based on a question of law). Stated differently, a 28 U.S.C. § 2255 motion can be dismissed without a hearing where "the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also Standing Bear v. United States*, 68 F.3d 271, 272 (8th Cir. 1995) (per curiam).

The court concludes that it is able to resolve the movant's claims from the record. *See Rogers v. United States*, 1 F.3d 697, 699 (8th Cir. 1993) (holding "[a]ll of the information that the court needed to make its decision with regard to [the movant's] claims was included in the record . . . ." and, therefore, the court "was not required to hold an evidentiary hearing") (citing Rule Governing Section 2255 Proceedings 8(a) and *United States v. Raddatz*, 447 U.S. 667, 674 (1980)). The evidence of record conclusively demonstrates that the movant is not entitled to the relief sought. Specifically, the record indicates that the movant's claims are without merit, especially considering that it is clear that counsel represented the movant in a manner that exceeded constitutional requirements. As such, the court finds that there is no need for an evidentiary hearing.

With respect to the merits of the movant's claims, the court deems it appropriate to deny the movant's motion under 28 U.S.C. § 2255 for the reasons stated in the government's resistance. The government's brief adequately sets forth the law that is applicable to the facts in the movant's case. Specifically, the government correctly concluded that counsel provided professional and effective assistance to the movant and the movant suffered no prejudice as a result of counsel's actions and that the movant waived all non-ineffective assistance of counsel claims.

Moreover, the court thoroughly reviewed the record and finds that the denial of the movant's motion under 28 U.S.C. § 2255 comports with the Constitution, results in no "miscarriage of justice" and is consistent with the "rudimentary demands of fair

procedure." *Hill v. United States*, 368 U.S. 424, 428 (1962); *see also United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) ("Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised for the first time on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." (citing *Poor Thunder v. United States*, 810 F.2d 817, 821 (8th Cir. 1987))). Relief is not available to the movant because all of the movant's claims are contradicted by the record and/or are inherently incredible.

The movant does not dispute that he knowingly and voluntarily pleaded guilty pursuant to a plea agreement. *See Walker v. United States*, 115 F.3d 603, 604 (8th Cir. 1997) ("[A] valid guilty plea forecloses an attack on conviction unless 'on the face of the record the court had no power to enter the conviction or impose the sentence.'"); *United States v. Jennings*, 12 F.3d 836, 839 (8th Cir. 1994) (a voluntary and unconditional guilty plea waives all defects except those related to jurisdiction); *see also United States v. Seay*, 620 F.3d 919, 921-23 (8th Cir. 2010) (making clear that a challenge based on a court's statutory or constitutional power to adjudicate a case survives a defendant's guilty plea). The parties' revised plea agreement addressed, among other things, the fact that: (1) the movant faced a sentence of at least ten years imprisonment and up to life imprisonment; (2) the movant faced removal from the United States upon completion of any period of incarceration; (3) the government would not recommend any decrease under USSG §5K1.1 or any other provision of the United States Sentencing Guidelines or under 18 U.S.C. § 3553(e) or any other provision of law; (4) the movant possessed approximately 171.41 grams or more of a mixture or substance containing a detectable amount of methamphetamine or approximately 152.55 grams or more of pure methamphetamine; (5) the movant's fingerprint was found on packaging material containing 274.6 grams of pure methamphetamine; (6) law enforcement officers found items related to drug trafficking during a search of the movant's residence; (7) the movant told law enforcement officers that the source of the methamphetamine was in California but he did not desire to say more

because he feared for his family; (8) the facts that the movant stipulated to could be used against him at any time in any proceeding should he violate or refuse to abide by the terms that were agreed to by the parties; (9) the movant faced a base offense level of 34 based upon his involvement with at least 150 grams of pure methamphetamine; and (10) the movant waived certain appeal rights.

Further, the record reflects that the movant fully understood what he was doing when he appeared in court. At the change of plea hearing, the movant reliably admitted his guilt and competently agreed to an appeal waiver. The movant acknowledged that: (1) he was pleading guilty to an information rather than an indictment; (2) he had a chance to discuss the charge with counsel; (3) he understood the rights that he was giving up by entering a plea of guilty; (4) he possessed with the intent to distribute 50 grams or more of pure methamphetamine; (5) he had the benefit of an interpreter who reviewed the revised plea agreement with him and counsel; (6) he understood all of the information in the revised plea agreement and did not have any questions about it; (7) he agreed to plead guilty in exchange for the charge in the indictment being dismissed by the government; (8) he understood that the amount of drugs from the 2009 transaction would have no impact on his sentence because the total quantity was between 150 and 500 grams of pure methamphetamine; (9) he was giving up his request to have evidence suppressed; (10) he understood that he would be sent to prison for at least ten years and up to the balance of his life; (11) he probably would face a guideline sentencing range between 120 to 135 months imprisonment; (12) he could not be sentenced below the statutory mandatory minimum sentence; (13) he would serve his sentence and be deported immediately; (14) he would not be able to withdraw his guilty plea if he was unhappy with the sentence that he received; (15) he agreed that no one forced or pressured him to plead guilty or made any promises to get him to plead guilty; (16) he did not have any questions about anything that was discussed; and (17) he would be waiving his right to appeal. After the change of

plea hearing, the movant did not object, and, consequently, the court accepted his guilty plea.

Similarly, during the sentencing hearing, the movant reiterated that he was guilty of possessing with the intent to distribute 50 grams or more of pure methamphetamine and that he understood the minimum and maximum penalty for committing such offense. The movant also stated that he had sufficient time to review the pre-sentence investigation report and to address his concerns with sentencing counsel and the interpreter. Further, after counsel requested that the court impose the mandatory minimum sentence, the movant apologized and asked that the court be fair.

Given the record, it is undeniable that the movant knew the sentence that he faced and voluntarily pleaded guilty. And, the court's application of the advisory sentencing guidelines, consideration of the parties' arguments and application of the factors under 18 U.S.C. § 3553(a) violated no constitutional right. *See United States v. Villareal-Amarillas*, 562 F.3d 892, 898 (8th Cir. 2009) (observing that a sentencing judge is only constrained by the statutory maximum and minimum for an offense and the factors included in 18 U.S.C. § 3553(a)). Nothing restricted the court's discretion during the sentencing hearing, and the sentence that the movant received is appropriate and consistent with the parties' revised plea agreement.

Additionally, it is apparent that the conduct of counsel fell within a wide range of reasonable professional assistance, *Strickland v. Washington*, 466 U.S. 668, 689 (1984), and counsel's performance did not prejudice the movant's defense, *id*. at 692-94. Considering all the circumstances and refraining from engaging in hindsight or second-guessing counsel's strategic decisions, the court finds that the record belies the movant's claims and no violation of the movant's constitutional right to counsel occurred. Contrary to the movant's assertions, counsel need not pursue frivolous arguments, positions or objections at the trial level or appellate level, including those that relate to drug quantity calculation, safety valve eligibility, fast-track eligibility, appropriate sentence in light of

the mandatory minimum and revised plea agreement and interlocutory or direct appeal possibilities. *See United States v. Cronic*, 466 U.S. 648, 657 (1984) (stating that counsel is not required to attempt a useless charade).

There is no basis to conclude that counsel provided deficient representation to the movant. It is clear that: (1) the movant misstates what is required to be safety valve eligible because merely admitting that he was guilty of possessing with the intent to distribute 50 grams or more of pure methamphetamine is not enough under 18 U.S.C. § 3553(f) and USSG §5C1.2; (2) the movant did not qualify for safety valve consideration because he feared for his family and, consequently, refused to tell the government about all of the actions of those who participated in the crime with him or who assisted him in any way; (3) the movant had relevant information because he had acknowledged that he obtained the methamphetamine from a source in California; (4) counsel explained to the movant the benefits of being a first time offender; (5) the movant decided not to cooperate with the government after counsel advised him that he would have to fully and truthfully discuss his criminal conduct; (6) the movant did not qualify for the government's fast track program because such program does not exist in this district and he does not assert any colorable defense to deportation; (7) the movant knew at the time he entered into the revised plea agreement and pleaded guilty that he faced a sentence of at least ten years and up to life imprisonment; (8) the movant acknowledged that he was satisfied with counsel's representation and understood that he faced a mandatory minimum sentence as a result of possessing with the intent to distribute more than 50 grams of actual methamphetamine; (9) the court sentenced the movant to ten years imprisonment; (10) the movant stipulated to the quantity of drugs that were found in his home; (11) the movant benefitted by entering into the revised plea agreement; (12) the movant understood that the inclusion of the 274.6 grams of pure methamphetamine in the total drug quantity that was attributed to him had no impact on his base offense level; (13) the movant would have faced a higher sentencing guidelines range had he contested drug quantity; (14) counsel raised appropriate

arguments; (15) counsel achieved the best possible sentence; and (16) counsel appropriately considered the terms of the revised plea agreement when he filed an *Anders* brief at the appellate level. Consequently, the movant had the guiding hand of counsel at every step in the proceedings.

Moreover, the movant's assertions as to what counsel did or failed to do would not have changed the outcome. There is still no basis to get below the mandatory minimum because the movant does not state that he would have fully and truthfully discussed his unlawful conduct. Further, even if the movant was eligible for the government's fast-track program, a sentencing guideline downward departure would not have altered the fact that the court was unable to sentence the movant below the mandatory minimum sentence. And, if counsel had advanced the movant's other frivolous arguments, the movant most likely would have faced a lengthier sentence.

In sum, the alleged errors that are asserted by the movant do not warrant relief under 28 U.S.C. § 2255. The movant's claims are baseless and devoid of merit. None of the movant's assertions in support of his request for relief lead the court to conclude that a violation of the Constitution occurred. Based on the foregoing, the movant's 28 U.S.C. § 2255 motion shall be denied.

In a 28 U.S.C. § 2255 proceeding before a district judge, the final order is subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. *See* 28 U.S.C. § 2253(a). Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. *See* 28 U.S.C. § 2253(c)(1)(A). A district court possesses the authority to issue certificates of appealability under 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b). *See Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). Under 28 U.S.C. § 2253(c)(2), a certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th

Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997); *Tiedeman*, 122 F.3d at 523. To make such a showing, the issues must be debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *Cox*, 133 F.3d at 569 (citing *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994)); *see also Miller-El*, 537 U.S. at 335-36 (reiterating standard).

Courts reject constitutional claims either on the merits or on procedural grounds. "'[W]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy [28 U.S.C.] § 2253(c) is straightforward: the [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). When a federal habeas petition is dismissed on procedural grounds without reaching the underlying constitutional claim, "the [movant must show], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Having thoroughly reviewed the record in this case, the court finds that the movant failed to make the requisite "substantial showing" with respect to the claims that he raised in his 28 U.S.C. § 2255 motion. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b). Because he does not present a question of substance for appellate review, there is no reason to grant a certificate of appealability. Accordingly, a certificate of appealability shall be denied. If he desires further review of his 28 U.S.C. § 2255 motion, the movant may request issuance of the certificate of appealability by a circuit judge of the Eighth Circuit Court of Appeals in accordance with *Tiedeman*, 122 F.3d at 520-22.

**IT IS THEREFORE ORDERED**:

1) The movant's 28 U.S.C. § 2255 motion (civil docket no. 1) is denied.

2) A certificate of appealability is denied.

**DATED** this 30th day of June, 2014.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA